# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

NANCY E. KOVACS,

                       **Plaintiff-Appellant,**

     **v.**                                 **Case No. 10-C-970**
                                           **(Bankruptcy Case No.**
                                         **01-27782-JES;**

UNITED STATES OF AMERICA,          **Adversary Case No.**
                                           **05-2462)**

                       **Defendant-Appellee.**

---

# DECISION AND ORDER

---

       The Plaintiff-Appellant, Nancy E. Kovacs ("Kovacs") commenced this action on August 11, 2005, as an adversary proceeding against the Defendant-Appellee, the United States of America (the "United States") alleging that the Internal Revenue Service violated the bankruptcy discharge injunction afforded by 11 U.S.C. § 524.

       On September 11, 2007, following the denial of the United States' motion to dismiss for lack of jurisdiction, the denial of its motion for summary judgment on statute of limitations grounds, and a trial to the court, the bankruptcy court opened its decision stating "This adversary proceeding is a classic illustration of how a mistake by both sides on the issues of dischargeability of certain tax debts  and which issue has been fueled by extensive over-lawyering can turn a mole hill into a mountain." *In re Kovacs,* 383 B.R. 90, 94 (E.D. Wis. Bankr. 2007).   That characterization of this case is particularly apt.  To date, it has

resulted in three appeals to the district court – this being the third – and an appeal to the Court of Appeals for the Seventh Circuit, *see Kovacs v. United States*, 614 F.3d 666, 669-72 (7th Cir. 2010). The latter resulted in a shift of the focus of the action and a remand to the bankruptcy court for a damages determination.

The bankruptcy court issued orders on September 15, 2010, and October 22, 2010, respectively, awarding Kovacs $3,750 in actual damages, and denying her motion to amend the judgment and for an award of litigation attorney's fees and costs. Pursuant to 28 U.S.C. § 158(a)(1), Kovacs appeals those orders. Despite the extensive proceedings before the bankruptcy court, as will be further explained, the actual damage award is reversed and this matter is remanded for further proceedings as required under 26 U.S.C. § 7430.

## *Factual Background*[1]

### *The IRS Offer and Compromise*

In 1996, the IRS and Kovacs entered an Offer in Compromise ("OIC") to resolve her tax liabilities for the tax years 1990 through 1995. *Id.* at 669. The OIC's terms required Kovacs to timely pay her taxes for the five years following the IRS's acceptance of the OIC. However, due to serious health problems, Kovacs was unable to pay her 1999 taxes. As a result, in a letter dated January 29, 2001, the IRS informed Kovacs that it was terminating the OIC and reinstating her outstanding taxes. *Id.*

---

[1]*Kovacs*, 614 F.3d at 669-72, provides a detailed description of the procedural and factual history of the action and some of that history is set forth below to provide necessary context for this appeal.

2

*Bankruptcy and the IRS*

On July 3, 2001, Kovacs filed for Chapter 7 bankruptcy. *Id*. On October 10, 2001, Kovacs received a bankruptcy discharge that included her tax liabilities for the tax years 1990 through 1995. *Id*. Despite the discharge, the IRS, in a notice dated November 5, 2001, informed Kovacs that it had applied her overpaid taxes for the tax year 2000 to her taxes from the tax year 1991. *Id*.

On March 5, 2002, Kovacs contacted the IRS and informed a service representative that she had filed for bankruptcy and obtained a discharge from the tax years 1990 through 1995, including the 1991 tax year to which the IRS had applied her overpayment. *Id*. at 669-70. The service representative informed Kovacs that she could continue to make payments for the non-discharged tax years because the IRS had not discharged all her tax liabilities. *Id*. at 670. That same day, Kovacs sent a letter to the IRS asserting that the IRS had discharged her debts for 1991 through 1995. *Id*.

After writing the letter to the IRS, Kovacs met with counsel, providing them with copies of the bankruptcy discharge order and the IRS's post-discharge notice. *Id*. Kovacs' attorneys then contacted the IRS officer who wrote the OIC revocation letters received by Kovacs. *Id*. The IRS officer informed Kovacs' attorneys that the IRS likely could not reinstate the revoked OIC and that the most efficient way to resolve Kovacs' situation would be to file a new OIC. *Id*. Kovacs' attorneys also discussed the discharge of Kovacs' taxes from 1990 through 1995, concluding that the IRS had not discharged the taxes because the 1996 settlement had caused a "reassessment" of the 1990 through 1995 taxes. *Id*.

3

Because Kovacs' attorneys believed that the "reassessment" occurred less than 240 days before she had filed for bankruptcy, they concluded that 11 U.S.C. §§ 507(a)(8) and 523(a)(8) made the taxes non-dischargeable. *Id*. Counsel then determined that the best strategy would be to file a new OIC with the IRS. *Id*.

On April 2, 2002, Kovacs' attorneys submitted a new OIC, informing the IRS that in 2001 Kovacs had filed for bankruptcy and received a discharge. *Id*. When the IRS requested further information, Kovacs' attorneys submitted her bankruptcy discharge papers. *Id*. The IRS responded that it would not consider the OIC during an ongoing bankruptcy action. *Id*. Again, Kovacs' attorneys contacted the IRS, informing it that the bankruptcy action was not open. *Id*.

On July 8, 2002, the IRS sent Kovacs six notices of intent to levy for tax years 1990 through 1995, as well as 1999. *Id*. Kovacs' attorneys continued to pursue the new OIC on her behalf. *Id.* However, on January 30, 2003, the IRS rejected the OIC because it determined that Kovacs had the ability to pay more than she offered. *Id* On February 6, 2003, Kovacs appealed that decision. *Id*.

Between July 11, 2003, and August 13, 2003, in conjunction with that appeal, her attorneys communicated with IRS Appeals Officer Teresa Mulcahy ("Mulcahy"), conveying the case's history, including the IRS's determination that the bankruptcy discharge did not cover the 1990 through 1995 tax years. *Id*. On August 13, 2003, Mulcahy informed Kovacs' attorneys by telephone that the IRS had made an error and that Kovacs' tax liabilities

for 1990 through 1995 had been discharged in the 2001 bankruptcy. *Id*. The IRS provided written confirmation of its error in an August 14, 2003, letter to Kovacs. *Id*.

Despite the IRS's communications, on September 8, 2003, the IRS sent Kovacs a statement of adjustment informing her that it was transferring credit for her 2001 tax refund to her 1990 tax year liabilities and indicating a balance due for the 1990 tax year. *Id*. By letter dated September 18, 2003, the IRS rejected Kovacs' most recent OIC for the taxes for 1990 through 1995, and 1999. *Id*. The September 18, 2003, letter stated that Kovacs' tax liabilities for those years were legally due and collectible and asked Kovacs to pay her account in full. *Id*. In the end, the only actual IRS collection regarding Kovacs' 1990 through 1995 taxes was to apply tax refunds to those years. *Id*. However, later, after realizing its error, the IRS credited those amounts to Kovacs' other outstanding tax liabilities. *Id*. at 670-71.

After the IRS declined to respond to Kovacs' January 19, 2005, administrative claim to recover damages she incurred in resolving her tax liabilities for the IRS's violation of 11 U.S.C. § 524, Kovacs filed the adversary complaint against the United States to recover $11,822.94 in attorneys' fees and costs. *Id.* at 671.[2] As previously noted, the IRS filed a motion to dismiss Kovacs' claim on jurisdictional grounds, but the bankruptcy court denied the motion determining that it had jurisdiction to grant Kovacs' relief pursuant to 11 U.S.C. §§ 105(a) and 106 and 26 U.S.C. § 7433. *Id*. After the bankruptcy court again denied the

---

[2] *In re Kovacs*, 383 B.R. at 95, notes Kovacs sought an unspecified amount of damages. Paragraph A of the "wherefore clause" of Complaint requests judgment for "actual, direct economic damages, an award of attorney's fees, administrative costs, and other litigation cost incurred in this and related proceedings." (Compl. 6.) However, Kovacs' January 19, 2005, administrative claim attached to the Complaint requests $11,822.94 and re-application or refund of any misapplied payments, which includes $1,000 for actual damages plus a re-application or refund of any misapplied payments, attorneys' fees in the amount of $6,879.84 for the tax law firm and $3,843.10 for the litigation law firm, and $100 for administrative costs for postage and copying.

IRS's motion for summary judgment on the statute of limitations, the parties tried the case. *Id.*

At the trial, the IRS admitted that it had willfully violated 11 U.S.C. § 524(a) and Kovacs admitted that her only damages were attorneys' fees and costs, and reduced her damages claim from $11,822.94 to $8,622 to reflect that she could not recover for the portion of her attorneys' fees and costs relating to her non-discharged 1999 tax liability. *Id.* Kovacs also sought $106,198 for her costs litigating the adversary proceeding, making her total request $114,820. *Id.*

After the trial, the bankruptcy court issued an opinion awarding Kovacs $25,000 in fees and costs. *Id.* In establishing the $25,000 figure, the bankruptcy court reduced the damages amount to $65,451.37 based on statutory billing rates and review of Kovacs' attorneys' time records. *Id.* In determining how much of the $65,451.37 to award to Kovacs, the bankruptcy court analyzed various factors under 26 U.S.C. §§ 7430 and 7433. *Id.* It found that Kovacs was the prevailing party and that the IRS's actions were negligent and a proximate cause of Kovacs' injury. *Id.* The court also held, however, that both parties were responsible for the case being over-staffed, over-lawyered, and over-pleaded, and that Kovacs had a substantial role in protracting the litigation. *Id.* Ultimately, the bankruptcy court reduced Kovacs' award to $25,000. *Id.*

Kovacs appealed the bankruptcy court's ruling on costs, and the United States cross-appealed the bankruptcy court's finding that it had jurisdiction to hear Kovacs' claim. *Id.* The district court noted that the bankruptcy court had determined that the procedural

6

requirements of 26 U.S.C. § 7433 did not govern Kovacs' claim. However, the district court held that because 11 U.S.C. § 524 allows for monetary recovery from the United States and, therefore, implicated the government's sovereign immunity, the limitations in 26 U.S.C. §§ 7430 and 7433 would deprive the bankruptcy court of jurisdiction if they were not satisfied. *Id*.

Although the issue of the bankruptcy court's power to grant relief pursuant to 11 U.S.C. §§ 105(a) and 106 had been briefed by the parties, that issue was not addressed by the district court. *Id*. Rather, the district court's decision vacating the bankruptcy court's judgment and remanding the matter and instructing the bankruptcy court to determine whether Kovacs' suit had been timely filed was premised on the two-year statute of limitations contained in 26 U.S.C. § 7433. *Id*. Additionally, in the event, that the bankruptcy court determined that it had jurisdiction over the claim, the district court in addressing whether the bankruptcy court had abused its discretion in reducing Kovacs' damage award to $25,000, found that the bankruptcy court made comprehensive and sound findings regarding damages under 26 U.S.C. § 7430. *Id*.

On remand, the bankruptcy court held that, pursuant to 26 U.S.C. § 7433(e) and 26 C.F.R. § 301.7433-1(g)(2), Kovacs' cause of action accrued when she had a reasonable opportunity to discover all of the essential elements of her claim, and that her cause of action accrued on July 8, 2002, when she received the six IRS notices of intent. *Id*. at 671-72. As a result, the bankruptcy court dismissed Kovacs' adversary proceeding for lack of jurisdiction

7

Case 2:10-cv-00970-RTR   Filed 09/30/11   Page 7 of 24   Document 15

because she failed to file her claim within two years of the date that her cause of action had accrued. *Id.*

Kovacs appealed the bankruptcy court's decision regarding jurisdiction to the district court, which affirmed the bankruptcy court's dismissal. *Id.* Kovacs then appealed the district court's order upholding the dismissal for lack of jurisdiction.

### The Court of Appeals Decision

On appeal, the court of appeals agreed that 26 U.S.C. § 7433 applied to Kovacs' claims and that the six IRS notices of intent to levy mailed to Kovacs on July 8, 2002, afforded her with a reasonable opportunity to discover her 11 U.S.C. § 524(a) claim. *Id.* at 674-75. Therefore, the appellate court upheld the district court's dismissal of the portion of Kovacs' adversary action premised on the IRS's 2002 collection efforts. *Id.* at 677.

However, the court of appeals held that, after August 14, 2003, when the IRS had informed Kovacs in writing of its mistake in attempting to collect discharged taxes, the IRS made two additional attempts to collect Kovacs' discharged taxes, on September 8, 2003, and September 18, 2003, and that those attempts were discrete and independently actionable violations of the discharge injunction. *Id.* at 675. Therefore, the appeals court reversed and remanded that portion of the Kovacs' case arising from the IRS's September 8, and September 18, 2003, violations for a determination of damages consistent with its opinion. *Id.* at 677.

### Proceedings on Remand from the Court of Appeals

On remand, the bankruptcy court undertook a detailed review of the trial transcript and the exhibits in the adversary proceeding noting that they revealed that only

8

minimal reference was made to the two September 2003 letters and that the bulk of the trial testimony and exhibits centered on efforts by Kovacs' attorneys to negotiate an offer in compromise on behalf of Kovacs.[3] (*In re Kovacs*, Nos. 01-27782-jes, 05-2462, Ord. Determining Damages, 3 (Bankr. Ct. Sept. 15, 2010).) The court held that Kovacs' attorneys did not shift their emphasis to recovery of damages against the IRS for improper collection efforts for Kovacs' tax obligations until after August 2003, when Mulcahy concluded the IRS had been mistaken and that, with exception of the 1999 tax year, Kovacs' tax liabilities for the years in question, had been discharged. (*Id*.)

The bankruptcy court reviewed the billing entries for legal services performed by Kovacs' attorneys which confirmed the minimal time spent solely on the two September 2003 letters. (*Id*. at 4 (citing Ex. 37.)) Stating that it was not clear if any of the entries were for legal services performed entirely or even partially in connection with the two September 2003 letters, the bankruptcy court gave Kovacs the benefit of the doubt and estimated that ten hours of those entries were in connection with the two September 2003 letters. (*Id*.) Furthermore, the bankruptcy court noted that, the government's post-trial brief dated July 2, 2007, conceded that Kovacs' attorneys spent 8.2 hours addressing the issues raised by the discharged tax years. (*Id*.)

---

[3] Specifically, the bankruptcy court found that, with respect to the § 524 violations, Kovacs' attorneys spent most of their time on the time-barred violations, including (1) the IRS notice dated November 5, 2001, of its application of Kovacs' $300 overpaid tax to her unpaid balance of 1991 tax (Ex. 7); (2) the IRS notice dated May 6, 2002, of its application of Kovacs' $293 overpaid tax to Kovacs' unpaid balance of 1991 tax (Ex. 48); (3) a series of six IRS notices of intent to levy on certain assets declaring that, to prevent collection of unpaid taxes for the years 1990, 1991, 1993, 1994, 1995, and 1999, these unpaid taxes must be paid (Ex. 18). (*Id.* at 3-4.)

9

However, both computations included the eight § 524 violations for the discharged tax years - time-barred and non time-barred. (*Id*.) Additionally, the bankruptcy court commented that, based on its review of the transcripts and exhibits, although Kovacs' attorneys incurred more time on the non-time barred § 524 violations than the estimated ten hours in exhibit 37 and the 8.2 hours conceded by the government, that additional time should not be expanded disproportionately when calculating damages. *Id*.

In that regard, the bankruptcy court commented that segregating the § 524 violations based solely on the two September 2003 letters was difficult, citing the testimony of Benjamin C. Grawe ("Grawe"), an attorney for Kovacs, that acknowledged the difficulties he had in attempting to segregate the time that he incurred solely with respect to the nondischargeable tax period of 1999 from the dischargeable tax periods and the minimal work that he had done with respect to the September 2003 letters. (*Id*. at 4-6.) Consequently, the bankruptcy court determined that approximately 25 hours of reasonable legal services were performed by Kovacs' attorneys in relation to the two September 2003 letters. (*Id*. at 6.)

Applying the lodestar method – hours multiplied by a $150 hourly rate, the maximum statutory hourly rate applicable in 2003 under 26 U.S.C. § 7430, the bankruptcy court concluded that the total compensatory damages were $3,750. (*Id*.) The court also calculated Kovacs' compensatory damages by using an alternative method,[4] resulting in a sum

---

[4]As an alternative to the lodestar method, the bankruptcy court began with $25,000 (the amount of damages found to be recoverable by its September 11, 2007, decision), estimated that 50% of the $25,000 was for legal services performed by Kovacs' attorneys in connection with the § 524 violations, including both time-barred and non time-barred violations, the resulting total damages were $12,500. (*Id*. at 6-7.) Estimating that 25% of the $12,500 was solely with respect to the two non time-barred September 2003, letters, the resulting compensatory damages were $3,125. (*Id*.)

that was a few hundred dollars lower than the amount calculated under the lodestar method. (*Id*. at 6-7.) Concluding that lodestar method was the more accurate of the two methods used to compute damages, the bankruptcy court determined that Kovacs' compensatory damages were $3,750. (*Id*. at 7.) Therefore, the court awarded $3,750 as actual damages to Kovacs.[5]

Thereafter, Kovacs filed a motion for an order amending the September 10, 2010, final judgment order or decree, by (1) adjusting the amount of the actual damages award, and (2) awarding her litigation attorneys' fees and other reasonable litigation costs incurred in the proceeding, totaling $155,342.45.

By an October 22, 2010, order, denying the motion, the bankruptcy court stated that Kovacs' motion exceeded the scope of the court of appeals' remand order directing it to determine damages resulting only from the IRS's September 8, and September 18, 2003, violations of 11 U.S.C. § 524 – "nothing more and nothing less." (*In re Kovacs,* Nos. 01-27782-jes, 05-2462, Ord. Denying Mot. Amend J. and for Award of Litigat. Attn'y Fees and Costs, 2 (E.D. Wis. Bankr. Oct. 22, 2010).) The court reiterated that the time-barred § 524 violations comprised the bulk of Kovacs' attorneys' fees, and that the § 524 violations resulting from the two September 2003, letters involved minimal time and legal fees. The court also commented that Kovacs had requested more than 41 times the damages it had determined that were due to her, and that as is permissible it had drawn upon its knowledge

---

[5]The bankruptcy court also declined to award punitive damages to Kovacs citing several reasons. It noted that, initially, Kovacs sought damages only to recover her attorneys' fees and "maybe $100 in administrative costs" (*Id*. at 7 (quoting February 21, 2007, 9:00 a.m., Tr. 60:14-17)). It also noted that punitive damages are reserved for egregious cases and, although the September 2003 letters were willful violations, they were not egregious because when the IRS realized its errors, it promptly made the necessary corrections. And, it also commented as it had observed in its September 11, 2007, decision, Kovacs' attorneys vastly over-lawyered, over-staffed, and over-pleaded the case and that the "[b]lame for the extensive amount of damages requested does not lie entirely with the IRS." (*Id.*)

and experience in determining what constitutes reasonable attorney's fees.

## Standard of Review

This Court reviews the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error. *In re Resource Tech. Corp.*, 624 F.3d 376, 382 (7th Cir. 2010). "If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, the Court will not reverse its factual findings even if it would have weighed the evidence differently." *Freeland v. Enodis Corp.,* 540 F.3d 721, 729 (7th Cir. 2008) (citation and quotation omitted).

On appeal from the bankruptcy court, "the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013; *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013; *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011). Accordingly, the Court reviews the Bankruptcy Court's findings of fact for clear error and its legal conclusions de novo. *See In re Berman*, 629 F.3d at 766.

A bankruptcy court's factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Kovacs*, 614 F.3d at 672 (quoting *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009)). In general, under the clearly erroneous standard,

if there are two permissible views of the facts, a court's choice between them cannot be clearly erroneous. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010). Mixed questions of law and fact are subject to de novo review. *Mungo*, 355 F.3d at 974.

### Analysis

On appeal, Kovacs contends that the bankruptcy court erred when it imposed a 26 U.S.C. § 7430 fee rate limitation on the § 7433 award of actual damages, she is entitled to an award of litigation attorneys' fees and costs as the prevailing party, and that the award should include those expenses for the entire action. With respect to the actual damages award, Kovacs contends that the bankruptcy court erred as a matter of law because its damages analysis combined Kovacs' two damages requests, rather than analyzing them separately.

Kovacs also argues that the bankruptcy court improperly and arbitrarily reduced her monetary award. Specifically, Kovacs contends that the court: 1) improperly applied a mitigation of damages analysis to the § 7430 award; 2) ignored the record and erroneously found that Kovacs protracted the adversary proceedings; 3) improperly reduced Kovacs' § 7433 damages in the form of attorneys' fees to a statutory rate that is only applicable to attorneys' fees under § 7430; and 4) arbitrarily reduced the § 7430 award by failing to make a specific finding regarding how many of the requested hours were reasonable for certain professionals' work. Further, Kovacs asserts that the bankruptcy court erred in denying her motion to reopen the record to consider evidence that she asserts would have contravened the court's determination that she ran up the legal fees without making an effort to settle the case prior to trial.

13

In opposition, the United States contends that the bankruptcy court should not have awarded damages under § 7433(e) because attorney fees are not actual, direct economic damages. It also contends that Kovacs is not entitled to attorney fees under 26 U.S.C. § 7430 because she is not the prevailing party and the United States was substantially justified in its litigation position.

Kovacs counters that, based on the law of the case doctrine, the United States has waived its arguments, and that, even if its arguments are considered, they fail because she is the prevailing party, the violation of the discharge injunction was the most significant issue in this action, and the government's legal position was not substantially justified.

## Damages Award Under 26 U.S.C. § 7433

The Court begins by considering the United States' contention that a damage award under section 7433 of Title 26 of the United States Code may not include an award of attorney's fees. Section 7433(b), which provides for an award of damages for an action brought under § 7433(a), states, "the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of – (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and (2) the costs of the action." Section 7433(d)(2) also provides that the amount of damages awarded under subsection (b)(1) must be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff. In addition, statute provides that if, in connection with any collection of federal tax with respect to a taxpayer, any IRS officer or employee violates the § 524 discharge

under title 11 of the United States Code (the bankruptcy code), the taxpayer may petition the

bankruptcy court to recover damages against the United States and, except as provided in

subparagraph (B), notwithstanding section 105 of such title 11, those remedies are the

exclusive remedy for such taxpayers. *See* 26 U.S.C. § 7433(e)(2).[6]

The pertinent IRS regulation, set forth in 26 C.F.R. § 301.7433-1(b), defines

"actual, direct economic damages" as follows: "Actual, direct economic damages are actual

pecuniary damages sustained by the taxpayer as the proximate result of the reckless or

intentional, or negligent, actions of an officer or an employee of the Internal Revenue Service.

Injuries such as inconvenience, emotional distress and loss of reputation are compensable only

to the extent that they result in actual pecuniary damages." Section 301.7433(b)(2) expressly

states that "[l]itigation costs and administrative costs are not recoverable as actual, direct

economic damages."

However, the regulation also provides that "[l]itigation costs may be recoverable

under section 7430 (see paragraph (h) of this section) or, solely to the extent described in

paragraph (c) of this section, as costs of the action."[7]  "Litigation costs" are defined as "any

---

[6]In 1998, Congress amended § 7433 by adding subsection (e). *See Kovacs*, 614 F.3d at 672-73.

[7]The costs of the action that may be recoverable as damages under 26 C.F.R,. § 301.7433-1(c) are "limited to the following costs:

1) Fees of the clerk and marshall [sic];

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of paper necessarily obtained for use in the case;

(5) Docket fees; and

costs incurred pursuing litigation for relief from the action taken by the officer or employee of the Internal Revenue Service, including costs incurred pursuing a civil action in federal district court under paragraph (a) of this section," and as including (A) court costs; (B) the expenses of expert witnesses in connection with a court proceeding; (C) the cost of any study, analysis, engineering report, test, or project prepared for a court proceeding; and (D) fees paid or incurred for the services of attorneys, or other individuals authorized to practice before the court, in connection with a court proceeding.

*In re Thain*, No. 03-01469-TLM, 2010 WL 3069063,* 4 (Bankr. D. Idaho July 30, 2010), addressed whether attorney's fees may be awarded under § 7433. The *Thain* court determined 26 U.S.C. § 7433 does not provide for the recovery of litigation and administrative costs, unless those costs qualify as "costs of the action" as defined by 26 C.F.R. § 301.7433–1(c). 26 C.F.R. § 301.7433(b)(2) & (c).

"Costs of the action," as that term is defined by 26 C.F.R. § 301.7433–1(c), do not include attorney's fees. However, as *Thain* observed, attorney's fees, as either litigation or administrative costs, may be recoverable under 26 U.S.C. § 7430. *See* 26 C.F.R. § 301.7433–2(b) & (h). *Accord*, *In re Lowthorp*, 332 B.R. 656, 660 (M.D. Fla. Bankr. 2005). *See also*, *In re Swensen,* 438 B.R. 195, 197 (N.D. Iowa 2010).

The issue of whether attorney's fees may be awardable as actual damages was not before the Seventh Circuit on appeal. However, the Court concludes that the bankruptcy

---

(6) Compensation of court appointed experts and interpreters."

16

court erred as a matter of law in awarding attorney's fees as damages under § 7433. Neither the statute nor the related regulation permit it.

## Award of Fees Under § 7430

The United States also contends that Kovacs is not entitled to attorney's fees under 26 U.S.C. § 7430 because she is not the prevailing party and the United States was substantially justified in its litigation position. Kovacs asserts that the United States waived these issues because it did not raise them earlier, and relies upon the law of the case. Kovacs asserts that the bankruptcy court issued its determinations on the key issues in its September 11, 2007, decision and that the United States only appealed the question of jurisdiction; not the damages determination or the litigation attorney's fees and costs.

Before considering the waiver and the law of the case arguments, the Court notes that § 7430(a) authorizes the award to "the prevailing party" of "reasonable administrative costs . . ." incurred in connection with an administrative proceeding within the IRS and "reasonable litigation costs incurred in connection with any court proceeding which is brought by or against the United States in connection with the . . . collection, . . . of any tax, interest, or penalty under Title 26 . . ." 26 U.S.C. § 7430(a); *See also, Dairyland Greyhound Park, Inc. v. C.I.R.,* No 04-C-1111, 2006 WL 1518972, at * 1 (E.D. Wis. 2006). However, such awards "shall be made only for reasonable litigation and administrative costs which are allocable to the United States and not to any other party." 26 U.S.C. § 7430(b)(2). Additionally, "[n]o award for reasonable litigation and administrative costs may be made under subsection (a) with respect to any portion of the administrative or court proceeding

during which the prevailing party has unreasonably protracted such proceeding." 26 U.S.C. § 7430(b)(3). The statute defines "reasonable litigation costs" with respect to attorneys' fees providing that "such fees shall not be in excess of $125 per hour unless the court determines that a special factor, . . . justifies a higher rate." 26 U.S.C. § 7430(c)(1)(B)(iii).[8]

Section 7430(c)(4)(A) defines "prevailing party" as any party in any proceeding to which subsection (a) applies who has "substantially prevailed with respect to the most significant issue or set of issues presented, and meets the requirements of the 1st sentence of § 2412(d)(1)(B) of title 28, United States Code, as in effect on October 22, 1986, . . . ." *See* 26 U.S.C. § 7340(c)(4)(A). However, § 7430(c)(4)(B) provides that "[a] party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified." *See* 26 U.S.C. § 7430(c)(4)(B).

### Waiver and the Law of the Case

In raising the issues of waiver and the law of the case, Kovacs quotes at length from *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002). *Husband*, succinctly describes the doctrines which are two major limitations on the scope of a remand. " First, any issue that could have been but was not raised on appeal is waived and thus not remanded." *Id* (quoting *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use

---

[8]Section 7430(c)(1)(B)(iii) further states that "[i]n the case of any calendar year beginning after 1996, the dollar amount referred to in clause (iii) shall be increased by an amount equal to such dollar amount multiplied by the cost-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting 'calendar year 1995' for 'calendar year 1992' in subparagraph (B) thereof. If any dollar amount after being increased under the preceding sentence is not a multiple of $10, such dollar amount shall be rounded to the nearest multiple of $10." *See* 26 U.S.C. § 7430(c)(1)(B)(iii).

the accident of remand as an opportunity to reopen waived issues."); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal."); *see also Barrow v. Falck*, 11 F.3d 729, 730 (7th Cir. 1993) ("An argument bypassed by the litigants, and therefore not presented in the court of appeals, may not be resurrected on remand and used as a reason to disregard the court of appeals' decision."). Second, any issue conclusively decided by the court of appeals on the first appeal is not remanded. *Morris*, 259 F.3d at 898.

The Court begins with consideration of waiver. Kovacs maintains that the United States waived the issue of whether Kovacs was a prevailing party and whether the United States' position was substantially justified because such matters were not raised by the United States on its appeal to the district court from the bankruptcy court's 2007 order. The United States raised only the issue of jurisdiction on its cross appeal from the 2007 bankruptcy court's decision and order. However, Kovacs raised fees related issues regarding the bankruptcy court's reduction of the fees and whether it should have segregated its analysis of § 7430 and § 7433 in making the award. 391 B.R. at 826.

The district court reviewed the bankruptcy court's September 11, 2007, decision and determined that the bankruptcy court made comprehensive and sound findings as to each of the applicable considerations set forth in § 7430. *Id*. at 826-27. The court found that a proportion of Kovacs' claimed attorney's fees was reduced because she did not submit her demand with the actual prevailing rate and it was reasonable and necessary for the bankruptcy court to reduce her demand, because her attorney's fees were governed by § 7430 and,

19

therefore, governed by the rate cap. *Id*. at 826. The court also held that the further reduction in fees after the court considered mitigation and protraction was also appropriate although mitigation is not specified in § 7430. *Id*. Relying on the bankruptcy court's observation that mitigation and protraction are inextricably intertwined, and noting it had performed a joint analysis of these terms, the district court stated "[w]hile this may have not been the best way to analyze the facts, and the bankruptcy court would have been on firmer footing if it referred only to Kovacs' protraction, it was certainly a reasonable analysis." *Id*. at 826-27.

After the district court provided a cogent analysis of the fees issues, it ordered:

> this case is remanded to the bankruptcy court for a determination of the date that Kovacs' cause of action accrued. If the bankruptcy court determines that she filed within the two-year statute of limitations set forth in § 7433, the court is instructed to maintain its initial damage award. If the bankruptcy court determines that Kovacs did not file within the statute of limitations, it is instructed to dismiss this action in its entirety for want of jurisdiction.

*Id*. at 827. The district court also vacated the bankruptcy court's order. *Id.*

On remand, the bankruptcy court concluded that the most recent violations of the § 524 discharge injunction occurred on July 8, 2002, when the IRS mailed six notices of intent to levy to Kovacs. *In re Kovacs*, Bankr. No. 01-27782-jes, Adversary No. 05-2462, 2008 WL 3981599, at *1 (E.D. Wis. Bankr. July 9, 2008). The bankruptcy court further determined that Kovacs' lawsuit was commenced more than two years after her cause of action had accrued and therefore dismissed the entire action for lack of jurisdiction.

As previously noted, the parties again appealed and the district court upheld the dismissal of the action as time-barred. *See Kovacs v. United States*, 415 B.R. 699, 705 (E.D.

Wis. 2009). The foregoing history indicates that the bankruptcy court's method of analyzing the § 7430 attorneys' fees award was challenged, albeit not by the government. While Judge J. P. Stadtmueller thought the fee award could stand if the bankruptcy court had jurisdiction over the matter, the 2007 damage award was vacated based on the lack of jurisdiction.

Moreover, the contours of this case have changed substantially since the 2007 bankruptcy court's decision. The bankruptcy court's 2007 determination that Kovacs was the "prevailing party" was based upon its conclusion that the IRS violated the discharge injunction by its six notices of intent to levy in July of 2002. In 2010, the court of appeals determined that it was the two September 2003 notices that violated the discharge injunction and the claims based on July 2002 notices of intent to levy were time-barred. The question of whether the IRS's position was substantially justified must also be viewed in a different factual context. Therefore, the Court concludes that the United States has not waived the issues of whether Kovacs is the prevailing party and whether the United States was substantially justified in its litigation position. Nor did the Court of Appeals decide the issues relating to prevailing party or substantial justification. Those issues were part and parcel of the issue of damages to be considered by the bankruptcy court.

On remand from the Seventh Circuit, the bankruptcy court did not address the issues of prevailing party or substantial justification.[9] However, as recognized in the first

---

[9]As summarized in *Dairyland Greyhound Park, Inc.*, No 04-C-1111, 2006 WL 1518972, at * 1-*2:

"Substantial justification" means "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotations and citations omitted). In other words it means a reasonable basis both in law and fact. *Id.* It is well-settled that a party's position can be substantially justified but incorrect, as long as a reasonable person could think that the position was correct. *Id.*

appeal to the district court the answers to those questions are critical to an award under § 7430. *See Kovacs*, 391 B.R. at 825-27. Because the bankruptcy court did not make a finding on either issue and such findings must be made in order to award attorney's fees under § 7430, this matter must be remanded for further proceedings.

Kovacs also maintains that the bankruptcy court improperly reduced her § 7433 damages in the form of attorneys' fees to a statutory rate that is only applicable to attorneys' fees under § 7430. That issue is summarily dismissed as meritless because an attorney fee award can only be made under § 7430 and those statutory criteria govern that award. *See id.* at 826.

Kovacs also contends that the bankruptcy court arbitrarily reduced the § 7430 award by failing to make a specific finding regarding how many of the requested hours were reasonable for certain professionals' work. To the contrary, the bankruptcy court's September 15, 2010, decision reveals that it carefully sifted through the record and exhibits in this case to identify what hours were reasonably attributable to the two September 2003 letters which had not been the focal point of Kovacs' administrative complaint, litigation, or appeals. Even counsel had difficulty with the task: Grawe testified "I don't think it is humanly possible to segregate my work." *In re Kovacs*, Nos. 01-27782-jes, 05-2462, Ord. Determining Damages, 4 (E.D. Wis. Bankr. Sept. 15, 2010). The bankruptcy court findings that 25 hours of

---

at 566 n. 2; *United States v. Hallmark*, 200 F.3d 1076, 1079-80 (7th Cir. 2000). Thus, in order to prevail in this circuit, the United States must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Hallmark*, 200 F.3d at 1081; *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir.1987).

reasonable legal services were performed by Kovacs' attorneys with regard to the two September 2003 letters is sufficiently specific.

Kovacs also argues that the bankruptcy court erred because it was required to adhere to facts in the record which provide no basis for finding that Kovacs unreasonably protracted the proceedings or failed to mitigate damages. She also maintains that the court erred when it denied her motion to reopen the record to consider evidence that she asserts would have contravened the court's determination that she ran up the legal fees without making an effort to settle the case prior to trial. These arguments rely on the vacated 2007 decision. (*See* Kovacs Br. 17 n.3, 21-25) That decision is not before this court on appeal, and therefore, those arguments will not be addressed.

The problem in this case is that the bankruptcy court did not engage in an analysis under § 7430 of whether Kovacs is the prevailing party and if the United States was substantially justified in its litigation position. As a result, this Court remands this matter to the bankruptcy court for a further determination under § 7430 of the relevant criteria.

However, the Court notes that, with respect to the determination of the amount and the reduction of fees, the bankruptcy court engaged in a thoughtful and careful analysis which is not inconsistent with the governing case law. As the trial court in this matter, the bankruptcy court had broad discretion to determine what a reasonable award is, and such a determination should be based upon the facts and circumstances of each case. *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 862 (7th Cir. 1982). Courts should only upset an award upon a finding that the trial court abused its discretion. *Id.* Kovacs has not established that

the bankruptcy court's analysis of the amount of fees to be awarded was an abuse of discretion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The bankruptcy court's memorandum decision and order for judgment entered on September 15, 2010, *In re Kovacs*, Bankr. No. 01-27782-jes; Adversary No. 05-2462, the September 15, 2010, judgment entered on that decision, and the October 22, 2010, order denying Kovacs' motion to amend judgment and for an award of litigation attorney's fees and costs are **REVERSED AS TO THE ACTUAL DAMAGE AWARD UNDER § 7433 AND REMANDED FOR FURTHER PROCEEDINGS UNDER § 7430**;

Kovacs' appeal is **DISMISSED**;

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

The Clerk of Court is **DIRECTED** to provide the bankruptcy court with a copy of this Decision and Order.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**